TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 06-0996

Meagan O'Connell, Plaintiff(s)

v.

Federal Insurance Company,
CHUBB Group of Insurance Companies, Defendant(s)
and CHUBB & Son, Inc.

### SUMMONS

To the above-named Defendant: CHUBB & Son, Inc.

You are hereby summoned and required to serve upon William F. York

Gilman, McLaughlin & Hanrahan, plaintiff's attorney, whose address is 101 Merrimac Street

P.O. Box 9601, Boston, MA 02114-9601, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at

Cambridge either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Cambridge

the 21st day of March

, in the year of our Lord 2006

A true copy Attest:
3-27-06 Deputy Sheriff Suffolk County

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUR - 001

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 06-0996 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|
| PLAINTIFF(S) Maggan O'Connell | | DEFENDANT(S) Federal Insurance Company, Chubb Group of Insurance Companies and Chubb & Son, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE William E. York, Esq. Gilman, McLaughlin & Hanrahan LLP 101 Merrimac Street, Boston, MA 02114 Board of Bar Overseers number: 537260 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Contract | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................... $..............
2. Total Doctor expenses ............................................................... $..............
3. Total chiropractic expenses ......................................................... $..............
4. Total physical therapy expenses ..................................................... $..............
5. Total other expenses (describe) ..................................................... $..............
   Subtotal $..............
B. Documented lost wages and compensation to date ...................................... $..............
C. Documented property damages to date ................................................. $..............
D. Reasonably anticipated future medical and hospital expenses ........................... $..............
E. Reasonably anticipated lost wages ................................................... $..............
F. Other documented items of damages (describe) ........................................ $..............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

TOTAL $..............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff is an insured person pursuant to underinsurance coverage provision of insurance contract and seeks payment thereunder to extent of damage suffered.

TOTAL $ 475,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 3/20/06

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                SUPERIOR COURT DEPARTMENT
                                              C.A NO. 06-0996

MEGGAN O'CONNELL,           )
            Plaintiff       )
                            )
v                           )
                            )
FEDERAL INSURANCE COMPANY,  )
CHUBB GROUP OF INSURANCE    )
COMPANIES and               )
CHUBB & SON, INC.,          )
            Defendant       )

## COMPLAINT AND JURY DEMAND

### Parties

1. The plaintiff, Meggan O'Connell, is a resident of Framingham, Middlesex County, Massachusetts.

2. The defendant, Federal Insurance Company, is a foreign corporation with a usual place of business at One Financial Center, Boston, Massachusetts.

3. The defendant, Chubb Group of Insurance Companies, is a foreign corporation with a usual place of business at One Financial Center, Boston, Massachusetts.

4. The defendant, Chubb & Son, Inc., is a foreign corporation with a usual place of business at One Financial Center, Boston, Massachusetts.

### Facts

5. On or about March 25, 1996 the plaintiff, while riding as a passenger in an

automobile owned by John McMeel, was involved in an automobile accident in the State of Rhode Island.

6. As a result of the accident, the plaintiff suffered injuries that are significant and persistent, requiring continuing medical care and pain management even through the present time.

7. Despite the serious nature of her injuries, the plaintiff participated in a high/low arbitration with Metropolitan Group in which the high end of the possible award was $25,000, the amount of available bodily injury insurance on Enrique Mera's, the operator of the other vehicle in the collision, automobile policy. Prior to participating in the high/low arbitration, the plaintiff notified John McMeel's insurance carrier, CHUBB, of her intention to do so and invited CHUBB to participate because of CHUBB's potential exposure on the underinsured motorist provision of Mr. McMeel's automobile policy. CHUBB declined to participate. The gathering and presentation of evidence at the arbitration was appropriate to the amount in controversy (i.e. $25,000) as a result of CHUBB's refusal to participate in the proceeding.

8. As a result of the limited nature of the high/low arbitration, the arbitrator found that the plaintiff had suffered damages in the amount of $28,783.46 but, pursuant to the high/low arrangement, the plaintiff received $25,000.00.

9. The plaintiff thereafter made a demand upon the defendant for coverage under the Uninsured/Underinsured Motor Protection Provision of the McNeel policy No. 10940394-06 with a policy period of February 19, 1996 through February 19, 1997.

10. Despite having suffered significant injuries that continue to persist to and including the present, defendant only offered to pay $3,783.46 representing the difference between the arbitration finding and the arbitration award.

11. Because the arbitration finding resulted from a level of presentation of evidence appropriate for the amount at stake (due to CHUBB's refusal to participate), CHUBB's settlement offer was unreasonably low.

### Breach of Contract

12. Under the terms of the Uninsured/Underinsured Motor Protection provision, the plaintiff was a "Covered Person" which is defined as inter alia "any person [A] in your covered vehicle."

13. The Uninsured/Underinsured Motorist Protection provision states:

> "We will pay to a covered person damages for bodily injury that the person is legally entitled to receive from the owner or operator of an uninsured motorized land vehicle. If underinsured motorists protection is also shown in the Coverage Summary, we will also pay damages for underinsured motorist protection that a covered person is legally entitled to receive from the owner or operator of an underinsured motor vehicle. We cover both of these damages from a motor vehicle accident, unless stated otherwise or an exclusion applies."

14. Despite the clear language of that provision stating that the defendant will pay damages to the covered passenger to the extent that the covered person "is legally entitled to receive from owner or operator of underinsured motor vehicle." Defendant has not offered or paid said amount.

15. As a result of the foregoing, the plaintiff, Meggan O'Connell, has suffered damages.

WHEREFORE, the plaintiff, Meggan O'Connell, demands judgment against the defendant for damages and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

Plaintiff,
By her attorneys,

William F. York BBO#557260
Gilman, McLaughlin & Hanrahan LLP
101 Merrimac Street - P.O. Box 9601
Boston, MA 02114-9601
617-227-9999